IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CHARLES GALLOWAY**                                                                         **PLAINTIFF**

**v.**                                    **No. 3:20CV170-DAS**

**MALLIE NESBIT**                                                                        **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTION [7] APPOINTMENT OF COUNSEL**

*Pro se* plaintiff requests appointment of counsel to represent him in this action brought under 42 U.S.C. § 1983. There is no automatic right to counsel in a § 1983 case. *Wright v. Dallas County Sheriff's Department*, 660 F.2d 623, 625-26 (5th Cir. 1981); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). *See also*, *Feist v. Jefferson County Commissioners Court*, 778 F.2d 250, 253 (5th Cir. 1985). In this case, however, the court has yet to conduct a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), at which the plaintiff will have an opportunity to expound upon his claims. The instant motion is premature, and it should be denied. After observing plaintiff at a *Spears* hearing, if the court determines that counsel should be appointed it will do so *sua sponte*. It is, therefore,

**ORDERED**:

That plaintiff's motion [7] for appointment of counsel is **DENIED**.

This, the 14th day of October, 2020.

                                                                   /s/ David A. Sanders
                                                                   DAVID A. SANDERS
                                                                   UNITED STATES MAGISTRATE JUDGE