IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CHARLES GALLOWAY**                                                                      **PLAINTIFF**

**v.**                           **No. 3:20CV170-DAS**

**MALLIE NESBIT**                                                                  **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff, an inmate in the custody of the Union County Sheriff's Department, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1] For the reasons set forth below, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

---

[1] 28 U.S.C. § 1915(g).

**Allegations**

During Charles Galloway's stay at the Union County Detention Center, defendant Mallie Nesbit refused to provide him with stamps and envelopes for legal mail. She also has not provided him with notary services from December 12, 2019, to the present. He was, however, able to procure stamps and envelopes from other sources, and Ms. Nesbit's actions have not prejudiced his legal position in any case. A previous case was dismissed for failure to state a claim upon which relief could be granted, not due to his inability to file a pleading, motion, or response.

**Discussion**

As the plaintiff has alleged no harm from lack of stamps, envelopes, and notary service, his claim for denial of access to the courts should be denied. Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996), quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992), citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one

of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970). For these reasons, the plaintiff's claim of denial of access to the courts will be dismissed for failure to state a constitutional claim.

## Conclusion

For the reasons set forth above, the instant case is **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted, counting as a **"STRIKE"** under 28 U.S.C. § 1915(g).

**SO ORDERED**, this, the 13th day of November, 2020.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE